UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL CONWAY, | : |
| Plaintiff, | : Civil Action No. 18-14919 (SRC) |
| v. | : **OPINION & ORDER** |
| CONNECTONE BANKCORP, INC. and ROBERT MURPHY, | : |
| Defendants. | : |

**CHESLER, U.S.D.J.**

This matter comes before the Court on motion for entry of an Order taxing costs against Plaintiff Daniel Conway by Defendants ConnectOne BankCorp, Inc. and Robert Murphy (collectively, "Defendants"). Defendants ask for an award of costs for these items: 1) $59.50 for costs of service of a subpoena; 2) $2139.03 for costs of transcriptions; and 3) $279.90 for copying. Plaintiff opposes the motion and has filed an objection to each cost.

This Court authorizes taxation of costs under the authority of 28 U.S.C. § 1920, which states:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title [28 USCS § 1923];
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 USCS § 1828].

As to the copying costs, Plaintiff objects that Defendants did not cite the records which they copied in their summary judgment briefs. Section 1920(4) requires only "use in the case," not "obvious use in the case." This objection is denied. As to the costs of transcriptions, Plaintiff objects that that the transcripts were neither requested by the Court nor used at trial, as there was no trial. Again, section 1920(2) requires only "use in the case," not "obvious use in the case." This objection is denied. As to the costs of service, Plaintiff objects that that the costs of service of a subpoena to Plaintiff's employer's former payroll servicer ADP for Plaintiff's paid time off records cannot be a necessary cost. As Defendants explained in reply, because the employer no longer used ADP's services at the time the records were sought, ADP refused to supply the records without a subpoena. This objection is denied. Defendants' motion is granted in its entirety.

For these reasons,

**IT IS** on this 6th day of April, 2021

**ORDERED** that Defendants' motion for entry of an Order taxing costs against Plaintiff Daniel Conway (Docket Entry No. 40) is **GRANTED**, and costs are taxed against Plaintiff in the amount of $2,678.43.

                                             s/ Stanley R. Chesler
                                       STANLEY R. CHESLER, U.S.D.J.